IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACETA ANYA STREETER,

      Petitioner,

v.                                                    Case No. 4:23cv11/MW/MAL

WARDEN F.C.I. TALLAHASSEE,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Jaceta Anya Streeter filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking 49 days of Good Conduct Time credits she claims are due to her. ECF No. 1. The Warden filed a response in opposition. ECF No. 16. After careful consideration of the record and relevant law, I recommend the § 2241 petition be denied because Streeter is not entitled to relief. Additionally, the petition should be dismissed because Streeter did not exhaust her administrative remedies before filing her petition.

## I.    BACKGROUND

On February 16, 2006, Streeter was sentenced to a term of 84 months' imprisonment followed by five years of supervised release for multiple counts of uttering fictitious instruments. M.D. Fla. Case 3:05cr104-TJC-MCR, ECF Nos. 104,

107. With Good Conduct Time (GCT), Streeter was released on February 15, 2013, and began serving her term of supervised release. ECF No. 16-4 at 27. Her term of supervised release should have expired on February 14, 2018. Just 6 days before, on February 8, 2018, an arrest warrant was issued for Streeter's violation of supervised release based on new charges of wire fraud and aggravated identity theft. M.D. Fla. Case 3:05cr104-TJC-MCR, ECF Nos. 144, 184.

After pleading guilty to the new charges, Streeter was sentenced on September 26, 2019, to a 124-month term of imprisonment. M.D. Fla. Case No. 3:18cr76-TJC-LLL, ECF No. 88. On the same date, Streeter's supervised release was revoked, and she was sentenced to a 36-month term of imprisonment to run consecutive to the 124-month term. M.D. Fla. Case 3:05cr104-TJC-MCR ECF No. 184. Bureau of Prisons records show Streeter is projected to be released on September 28, 2028. See https://www.bop.gov/inmateloc/.

In her petition, Streeter contends that the retroactive amendment to the GCT statute made by the First Step Act entitles her to an additional 49 days of good conduct credit toward her completed 84-month term of imprisonment. ECF No. 1 at ¶¶ 7(a), 8. With the additional credits, Streeter states her term of supervised release would have expired before her violation. *Id.* It is unclear whether she is claiming the 36-month revocation sentence should be vacated in its entirety or whether the excess

served on her 84-month sentence should be applied to the 36-month revocation sentence. For relief, she simply states "I am requesting this honorable court to move and order the Bureau of Prisons to correct the miscalculations of my sentence after awarding me the 49 days I am owed pursuant to the retroactive guidelines on 'GTC' under the First Step Act of 2018." *Id.* at ¶ 8.

## II.    DISCUSSION

### A. No error in refusing to credit additional GCT to completed term

When Streeter completed her 84-month term of imprisonment, GCT was awarded at a rate of "up to 54 days at the end of each year of the prisoner's term of imprisonment … prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1)(2013). Because the 54 days were credited only for each actual year served and then prorated for the last year, a prisoner would receive approximately 47 days of GCT for each year of a sentence imposed. *See Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1267-68 (9th Cir. 2001) (explaining calculation method). The Supreme Court upheld this method in *Barber v. Thomas*, 560 U.S. 474, 476-478 (2010) (describing and upholding calculation method).

The FSA amended § 3624(b)(1) to allow inmates to earn "up to 54 days for each year of the prisoner's sentence imposed by the court," thus increasing the maximum allowable GCT credit from 47 days per year to 54 days per year. First

Step Act of 2018, PL 115-391, § 102(b)(1)(A), December 21, 2018. [1] The amendment is applicable to "offenses committed before, on, or after the date of enactment of [the FSA], except that such amendments shall not apply with respect to offenses committed before November 1, 1987." PL 115-391, § 102(b)(3). As applied to Streeter, if the Bureau of Prisons (BOP) credits her with an extra 7 days of GCT for each year of her imposed sentence of 84 months (7 years), she would be entitled to an additional 49 days of GCT.

There is no dispute that Streeter committed the offenses that led to her 84-month sentence after November 1, 1987. At issue is whether the BOP is required to provide Streeter with additional GCT toward the 84-month term of imprisonment she completed on February 15, 2013, more than five years before the enactment of the FSA. ECF No. 16 at 9. The answer is no.

There is nothing in the FSA's amendment to the GCT statute that requires the BOP to retroactively recalculate GCT for completed sentences. For one, the amended GCT statute still reads in the present tense: "a prisoner who *is* serving a

---

[1] The FSA was enacted on December 21, 2018, but the amendments to § 3624(b)(1) took effect along with other provisions 210 days later, on July 19, 2019. *Bottinelli v. Salazar*, 929 F.3d 1196 (9th Cir. 2019) (effective date in subsection 102(b)(2) delays implementation of the GCT amendment by 210 days). As a result, federal prisoners who had release dates between December 21, 2018 and July 19, 2019, were denied benefit of the amendment. *Id.* at 1201. The delay between the enactment date and the effective date does not affect Streeter because her release date was on February 15, 2013, years before either of those dates.

term of imprisonment of more than 1 year … may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court … ." 18 U.S.C.A. § 3624 (2019) (emphasis added). Accordingly, the BOP retroactively applies the amended GCT statute to calculate terms of imprisonment for offenses committed before the amendment and have not yet been completed. ECF No. 16-5 at ¶ 18. But it did not retroactively apply the amended GCT statute to Streeter's 84-month term of imprisonment because she is no longer serving that term of imprisonment. *Id.*

The BOP position is consistent with its program statement on computation of sentences. Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), Computation of Sentence, Supervised Release at p. 1-69. As explained to Streeter in response to her regional administrative grievance, GCT cannot be applied to "prior terms of incarceration." ECF No. 16-4 at 31. Under the sentence computation manual "[a] supervised release revocation term, for calculation purposes, shall be treated the same as any other NL [New Law] sentence and may be aggregated with other NL [New Law] sentences following the aggregation policy … in the manual." *Id.* Streeter's completed 84-month term of imprisonment, however, could not be aggregated to her current terms of imprisonment because the

84-month term "was imposed, and served, prior to the new term[s] of imprisonment being imposed." *Id.*

The separate treatment of Streeter's 84-month original term from her 36-month revocation term is consistent with the treatment given to revocation sentences by the courts. Streeter was required to complete her 84-month term before being placed on supervised release. *See United States v. Haymond*, 588 U.S. 634, 652 (2019) (supervised release does not replace a defendant's prison term, but is served "after the completion of [a] prison term."); *Himmelreich v. Thompson*, Civ. No. 24-508(RMB), 2024 WL 913207, at *4 (D. N.J. March 4, 2024) (a prisoner "will have served the full term of [the original] sentence before he begins a term of supervised release."). Streeter's 36-month revocation term was triggered by her violation of conditions and is treated as a different term of imprisonment. *See United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("Supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.").

A review of cases addressing the issue shows no court has ruled in favor of Streeter's position and every court has ruled against it.[2]  Like these other courts and

---

[2] *See Himmelreich,* 2024 WL 913207, at *4 (BOP cannot award credit based on a sentence that has been completely served); *Buchanan v. Hemingway*, No. 2:21-cv-10683, 2022 WL 2119537, at

for the reasons explained above, this Court finds no error in the BOP's refusal to apply the amended GCT statute to Streeter's expired 84-month term of imprisonment to award her an additional 49 days of GCT. Accordingly, Streeter is not entitled to relief.

### B. Streeter did not exhaust her administrative remedies

In addition to failing on the merits, Streeter's petition is subject to dismissal because Streeter did not completely exhaust her administrative remedies. Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert or choose to waive. *Santiago-Lugo,* 785 F. 3d at 474-75. The Warden has asserted the defense in

---

*3 (E.D. Mich. June 13, 2022) (an inmate who is serving a revocation term is only entitled to additional GCT under the FSA on the revocation term and not on the underlying sentence that has already been satisfied); *Carter v. Salazar*, No. 3:19-cv-1969-CL, 2020 WL 5996577, at 2 (D. Or. Aug. 20, 2020) (the BOP cannot award credit based on a sentence that has been completely served, in this case the original sentence before the VOSR); *report and recommendation adopted*, 2020 WL 5994996 (D. Or. Oct. 8, 2020); *see also Bowling v. Hudgins*, No. 5:19CV285, 2020 WL 1918248, at *3-4 (N.D. W.V. Mar. 16, 2020) (declining to "unjustly enrich" petitioner who was arrested for violating supervised release when the FSA was signed by awarding GCT for underlying term of incarceration); *White v. Sproul*, No. 21-2202, 2022 WL 728967, at *2 (7th Cir. 2022) (declining to let prisoner "extract more credit" from an expired prison term); *Kmiecik v. Hudson*, No. 20-3219-JWL, 2020 WL 8669813, at *2 (D. Kan. Nov. 24, 2020) (prisoner serving a term for VOSR was not entitled to additional GCT on the original underlying sentence) (collecting cases).

this case, and submitted the Affidavit of Kevin Littlejohn, Paralegal Specialist in support. *See* ECF No. 16-4 at 2-4.

In summary, Paralegal Littlejohn's affidavit and the attachments thereto establish that Streeter attempted to pursue her administrative remedies, but did not complete the last step of the process. She submitted remedies at the institutional and regional levels, both of which were denied. ECF No. 16-4 at 3-4. Streeter's appeal to the Central Office was rejected due to her failing to provide copies of her BP-9 form and her regional response form, and because the Region had used the incorrect appeal number. *Id.* at 4. Streeter was advised if she resubmitted her appeal after correcting the errors, it would be accepted. *Id.* However, she never did. Streeter's exhibits confirm that her Central Office remedy was rejected and show nothing further from Streeter. ECF No. 1 at 7, 15-16

Because Streeter did not properly complete all levels of the BOP's administrative remedy process before filing for habeas relief and the Warden has not waived the defense of exhaustion, the petition is also subject to dismissal on that basis.

Accordingly, it is respectfully RECOMMENDED:

1.    Streeter's petition under 28 U.S.C. § 2241 (ECF No. 1) be DENIED and dismissed.

      2.      The clerk be directed to close the case file.

DONE on August 18, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.